# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN L. BYARS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 12-121 |
| | : | |
| THE SCHOOL DISTRICT OF PHILADELPHIA, | : | |
| ET AL., | : | |
| Defendants. | : | |

Goldberg, J.                                                                                      February 4, 2015

## MEMORANDUM OPINION

Plaintiff, John Byars, has brought suit against Defendants, the School District of Philadelphia ("School District"), the School Reform Commission ("SRC") and numerous School District employees. Plaintiff raises several causes of action concerning events and ensuing publicity surrounding the School District's award of a $7.5 million contract for the installation of security cameras. Presently before me is Defendants' motion to file under seal certain exhibits to their motion for summary judgment. For the reasons detailed below, Defendants' motion will be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

At the time of the relevant events, Plaintiff was the Executive Director of Procurement Services for the School District. He alleges that Defendants acted in concert to make him a "scapegoat" for improprieties surrounding the contract award by damaging his reputation through statements to the press, wrongfully terminating his employment and retaliating against him for speaking to the Federal Bureau of Investigation about the matter.

1

The SRC retained counsel to investigate the allegations of impropriety regarding the selection of the project contractor. Counsel was tasked with determining whether any employees violated School District policies or the law in connection with the project. Counsel interviewed and issued recommendations concerning six School District employees, including Plaintiff, who were involved in the security camera project. Counsel prepared a memorandum documenting statements Plaintiff made during the interview as well as a report detailing his findings and recommendations as to whether the six employees should be disciplined for their involvement. Defendants filed the report and memorandum under seal as exhibits to the declaration of the investigating attorney which they attached to their motion for summary judgment. Plaintiff opposes Defendants' request that the documents remain under seal, arguing that Defendants failed to articulate any harm that will result from disclosure.

## II. RELEVANT PRECEDENT

It is well-settled that there is a common law public right of access to judicial proceedings and records. In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). A document is deemed to be a "judicial record" if it is "filed with the court, or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994)). The right of access applies to documents and evidentiary materials submitted in support of motions for summary judgment. Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 660-61 (3d Cir. 1991). The "strong presumption" of access does not permit the routine sealing of judicial records. Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994). The party seeking to seal a judicial record bears the burden of showing good cause and that the "disclosure will work a clearly defined and serious injury to the party seeking closure." Id. (internal citations omitted).

"Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." Pansy, 23 F.3d at 786.

The following factors may be considered in determining whether the moving party has shown good cause: "(1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." Arnold v. Pennsylvania, Dep't of Transp., 477 F.3d 105, 108 (3d Cir. 2007).

### III. ANALYSIS

Regarding the first factor, Defendants argue that sealing is appropriate because Pennsylvania's Right-to-Know Law specifically exempts from disclosure records pertaining to discipline of an agency employee and criminal investigations. Plaintiff correctly counters that the Right-to-Know Law does not govern the issue of public access to records filed in a judicial proceeding. The fact that Defendants could properly deny a request for these documents submitted under the Right-to-Know Law is not analogous to the question before me which pertains to disclosure in the context of a federal lawsuit. As Defendants' failed to offer any other compelling reason under the first factor, I find that this factor weighs in favor of unsealing.

Regarding the second and third factors, Defendants argue that they have an interest in protecting the privacy rights of its personnel and disclosure may subject the other employees mentioned in the documents to embarrassment. However, the report states that the non-party

employees subject to the investigation were recommended for reinstatement because there was no evidence of wrongdoing concerning those employees. Furthermore, the names of those employees have been redacted from the copy of the report that Defendants filed with the court. Therefore, I find that these two factors weigh in favor of unsealing.

Regarding the fourth and seventh factors, Defendants assert that Plaintiff's claims for defamation, false light, invasion of privacy, aiding and abetting and retaliation do not implicate health and safety or issues important to the public. Although Defendants concede that the security camera project itself raises issues important to the public, they urge that Plaintiff's personal claims do not rise to the same level of importance. Defendants' attempt to separate Plaintiff's claims from the underlying controversy, which involves a security camera project and allocation of a multi-million dollar contract, is not persuasive. I conclude that the report does implicate issues of public importance and weighs strongly in favor of unsealing.

Regarding the fifth factor, Defendants assert that the request to seal documents promotes fairness and efficiency because sealing will not impede Plaintiff's ability to respond or my ability to review the summary judgment motion. Although accurate, Defendants' assertions are of no moment. A sealing order does not prevent the parties to the litigation or the court from accessing the sealed documents. I find that this factor is neutral and does not impact the weighing of the remaining factors.

Regarding the sixth factor, Defendants concede that they are public officials and will benefit from the documents being filed under seal. They urge, however, that sealing is appropriate because they risk further claims of defamation and false light if the documents are not filed under seal. However, the judicial privilege shields communications made in connection with a judicial proceeding. Slater v. Marshall, 895 F. Supp. 93, 94 (E.D. Pa. 1995) (citing Post v.

<u>Mendel</u>, 507 A.2d 351 (Pa. 1986)). Defendants also note that they have a vested interest in complying with confidentiality orders pertaining to the documents in question entered in other related cases. As Defendants acknowledge, in those cases, the parties voluntarily entered into confidentiality agreements. Here, Plaintiff opposes sealing. Nonetheless given the existence of the other confidentiality orders, I find that this factor weighs slightly in favor of filing the documents under seal.

Balancing the factors set forth in <u>Arnold</u> and the strong presumption in favor of access, I conclude that Defendants have failed to offer a sufficient basis for filing the documents in question under seal.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to file under seal will be denied. An appropriate Order follows.